**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> v. : <br> : CASE NO.: 1:13-CR-15 (WLS) <br> ALFRED BERNARD LEAKS, : <br> : <br> Defendant. : <br> _____ : | |

## ORDER

Before the Court is Defendant's Motion in Limine to Hold a *James* Hearing and for Disclosure of Evidence Pursuant to Rule 801(d)(2)(E) and Motion to Exclude Defendant's February 5, 2013 Statement, as amended (Docs. 173, 178), and Defendant's Motion to Sever, as amended. (Docs. 174, 192.) For the following reasons, Defendant's Motion in Limine to Hold a *James* Hearing and for Disclosure of Evidence Pursuant to Rule 801(d)(2)(E) (Docs. 173, 178) and Motions to Sever (Docs. 174, 192) are **DENIED.**

## BACKGROUND

On March 13, 2013, a Grand Jury indicted Defendant on one count of conspiracy to possess with intent to distribute cocaine, marijuana, and crack cocaine with various indicted co-defendants, in violation of 21 U.S.C. § 846 in connection with 21 U.S.C. §§ 841(b)(1)(A)(ii) and (iii) and 841(b)(1)(B)(vii) ("Count 1"). (Doc. 17 at 1-2.) The indictment also charges Defendant with one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 ("Count 16"). (Doc. 17 at 8.) Count 16 stems from events that allegedly took place on February 5, 2013. (Doc. 178 at 1, 6.)

1

Defendant filed Motion in Limine to Hold a *James* Hearing and for Disclosure of Evidence Pursuant to Rule 801(d)(2)(E) and Motion to Exclude Defendant's February 5, 2013 Statement (Doc. 173), and Motion to Sever on August 4, 2013. (Doc. 174.) On August 6, 2013, Defendant filed First Amended Motion in Limine to Hold a *James* Hearing and for Disclosure of Evidence Pursuant to Rule 801(d)(2)(E) and Motion to Exclude Defendant's February 5, 2013 Statement. (Doc. 178.) The Government responded to both motions on August 7, 2013. (Docs. 179, 180.) Defendant filed Amended Motion to Sever Defendants and Count 16. (Doc. 192.) On September 13, 2013, the Court held a hearing to address the factual issues underlying those motions. (*See* Doc. 193.)

## DISCUSSION

### I. Motion to Hold a *James* Hearing and for Disclosure of Evidence Pursuant to Rule 801(d)(2)(E)

The Federal Rules of Evidence dictate that a "statement offered against an opposing party and was made by the party's coconspirator during and in furtherance of the conspiracy" is admissible as non-hearsay. FED. R. EVID. 801(d)(2)(E). To introduce statements of coconspirators, "the government must establish by a preponderance of the evidence: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy." *United States v. Schlei*, 122 F.3d 944, 980 (11th Cir. 1997) (citing *United States v. Van Hemelryck*, 945 F.2d 1493, 1497-98 (11th Cir. 1991)). The coconspirator statements sought to be introduced may be used to establish those factors, which are referred to as "*Schlei* factors." *See Bourjaily v. United States*, 483 U.S. 171, 181 (1987).

Before a coconspirator statement may be introduced to a jury, the government must demonstrate, either in a pre-trial hearing *or during the government's case in chief*, "at least enough substantial, independent evidence of a conspiracy to take the issue to the jury, and that there is similarly substantial, independent evidence linking the defendant against whom the evidence is offered to the conspiracy." *United States v. Gold*, 743 F.2d 800, 813-14 (11th Cir. 1984) (citing *United States v. James*, 590 F.2d 575, 580-82 (5th Cir. 1979)). Before the jury retires to deliberate, the trial judge must make a factual determination that the prosecution has demonstrated the *Schlei* factors by a preponderance of the evidence. *Id.* at 814. If the government does not meet its burden under *Schlei*, the court may strike the evidence or give a cautionary instruction to the jury. *Id.* (citation omitted).

A *James* hearing derives its name from *United States v. James*, 590 F.2d 575 (5th Cir. 1979), which held that trial judges should, "whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator." *Id.* at 582. Defendant argues that the Court should hold a *James* hearing before coconspirator statements are introduced to the jury because, without such a hearing, "it will be next to impossible to sort out which evidence actually should be considered applicable to some defendants and not others." (Doc. 178 at 1, 5.)

Defendant acknowledges that a *James* hearing is not mandatory, *see United States v. Espino-Perez*, 798 F.2d 439, 441 (11th Cir. 1986), but claims that the failure of this Court to hold a *James* hearing would "deny Defendant his rights to due process, to a fair trial and to confront and cross-examine witnesses under the Fifth and Sixth Amendments." (Doc. 173 at 4-5.) Defendant offers no particularized support for these

3

contentions.  Upon review of the record before the Court, and the arguments of the parties, the Court holds that a *James* hearing is not necessary to protect Defendant's rights.  Instead, the Court will rule on the admissibility of coconspirator statements at trial.  As such, Defendant's Motion for a *James* Hearing and Disclosure of Coconspirator Statements is **DENIED.**  Nothing herein relieves the Government of its affirmative duty to establish the legal and factual basis for the admission of any purported coconspirator statement.

## II.     Motion to Exclude Defendant's February 5, 2013 Statement

Just as evidence seized in violation of the Fourth Amendment must be suppressed under the exclusionary rule, confessions obtained in violation of Fifth Amendment *Miranda* rights are similarly inadmissible under the exclusionary rule.  *See United States v. Lall*, 607 F.3d 1277, 1291 (11th Cir. 2010) (citation omitted).  The Fifth Amendment to the United States Constitution provides to every person a right against self-incrimination and requires that trial courts exclude from evidence any incriminating statements an individual makes before being warned of his rights to remain silent.  *United States v. Luna-Encinas*, 603 F.3d 876, 880 (11th Cir. 2010).  The entitlement to this warning attaches "when custodial interrogation begins."  *Id.* (quoting *United States v. Acosta*, 363 F.3d 1141, 1148 (11th Cir. 2004)); *see United States v. Lopez-Garcia*, 565 F.3d 1306, 1316 (11th Cir. 2009).  A "custodial interrogation" occurs whenever law enforcement officers question a person after taking that person into custody or otherwise significantly depriving a person of freedom of action.  *Garcia v. Singletary*, 13 F.3d 1487, 1489 (11th Cir. 1994) (citing *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)).

"[T]he government cannot introduce a suspect's statement taken without the presence of an attorney without first [satisfying the heavy burden of] showing that the suspect made a *voluntary*, *knowing*, and *intelligent* waiver of his *Miranda* rights." *Hall v. Thomas*, 611 F.3d 1259, 1285 (11th Cir. 2010) (emphasis supplied) (citing *Hart v. Att'y Gen. of Fla.*, 323 F.3d 884, 891 (11th Cir.2003)). Such a showing, however, need not demonstrate that a waiver of *Miranda* rights was express; indeed, "an implicit waiver" of the *Miranda* rights is sufficient. *Id.* (citation omitted).

While not conclusive, an express written waiver "is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver." *United States v. Beckles*, 565 F.3d 832, 840 (11th Cir. 2009) (citation omitted). The assessment of the sufficiency of the written waiver therefore ultimately requires a court to return to its initial analysis of the above-mentioned factors: whether the defendant knowingly, voluntarily, and intelligently waived his *Miranda* rights. *See Berghuis v. Thompkins*, 130 S. Ct. 2250, 2269 (2010) (citing *Miranda*, 441 U.S. at 373).

To be voluntary, a waiver must be "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Id.* (quoting *Moran v. Burbine*, 475 U.S. 412, 421, (1986)). And to be knowing and intelligent, the waiver must be "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* (citing *Moran*, 475 U.S. at 421). In other words, the defendant must have understood his *Miranda* rights. *Id.* Before a confession may be introduced to a jury, the trial judge must resolve the factual issues necessary to determine its admissibility. *See Jackson v. Denno*, 378 U.S. 368, 390-91 (1964).

### A. Factual Findings

At the suppression hearing, the Government presented Agent Daniel Stanaland who arrested Defendant on February 5, 2013 and obtained a confession from Defendant the following day. (*See* Doc. 193.) Based on Agent Stanaland's testimony, which was the only evidence presented at the suppression hearing, the Court makes the following findings of fact.

Agent Stanaland executed a search warrant on Defendant's residence on February 5, 2013. He located a quantity of cocaine base in a pill bottle bearing a label with Defendant's name, and a quantity of cash in an envelope bearing the name of Defendant's wife, Regina Leaks. At that time, Agent Stanaland read Defendant standard *Miranda* warnings. Defendant did not specifically state that he possessed the contraband, but claimed that he was responsible for everything in the house. Agent Stanaland informed Defendant that everyone in the house would be arrested if no one admitted to possession of the contraband. Defendant did not give a statement at that time, and the child present at the scene was left in the custody of Regina Leaks. Defendant was arrested and taken into custody.

The next day, February 6, 2006, an arrest warrant was issued for the arrest of Defendant and Regina Leaks. Agent Stanaland called Regina Leaks to inform her that an arrest warrant had been issued for her arrest for possession of cocaine with the intent to distribute. Shortly thereafter, Defendant requested to speak with Agent Stanaland. Agent Stanaland traveled to the jail where Defendant was held and read Defendant standard *Miranda* warnings. Defendant admitted that the cocaine belonged to him and that he sold cocaine to supply a source of income. Defendant did not appear to be under the influence of any intoxicants. Defendant signed and dated a form asserting that he

6

made a statement after being advised of *Miranda*. (Doc. 195-1.) Defendant also completed a form by placing checkmarks beside text indicating his comprehension of the various rights secured by *Miranda*. (Doc. 195-3.)

**B. Analysis**

### i. February 5, 2013 Statement

Defendant argues that his February 5 statement should be suppressed because he was "strung out on drugs at the time" and law enforcement threatened to arrest his entire family. (Doc. 178 at ¶ 33.) The Government contends that Agent Stanaland's "threat" to arrest Defendant's "entire family" was directed only at Regina Leaks, and such a "threat" would not "vitiat[e] the voluntariness of the confession [because] they could [have] lawfully arrest[ed] the threatened family member." (Doc. 180 at 6-8.)

First, as the evidence does not support Defendant's contention that he was "strung out on drugs at the time" of his confession, his February 5 statement is not rendered involuntary on that basis. Second, the Court finds that Agent Stanaland's "threat" to arrest Defendant's family members was only directed at Regina Leaks and it did not render Defendant's statement involuntary. Agent Stanaland lawfully seized cocaine in a container bearing Defendant's name, and an envelope bearing Regina Leaks' name and containing a sum of cash. This discovery provided probable cause to arrest either individual for possession of cocaine with the intent to distribute. *See United States v. Wynn*, 544 F.2d 786, 788 n.5 (5th Cir. 1977). Because these two individuals were the only persons implicated in the possession of the cocaine, it was not reasonable for any person listening to Agent Stanaland's "threat" to believe that he intended to arrest any person other than Defendant and Regina Leaks.

A confession is not necessarily rendered "involuntary by reason of [one's] desire to extricate his wife from a possible good faith arrest." *Allen v. McCotter*, 804 F.2d 1362, 1364 (5th Cir. 1986) (citing *United States v. Diaz*, 733 F.2d 371, 374-75 (5th Cir. 1984)). Defendant's argument confuses choices one must make "which are physically or psychologically coerced and those which are merely difficult." *See United States v. Mullens*, 536 F.2d 997, 1000 (2d Cir. 1976). The decision that faced Defendant was of the latter variety.

There is no evidence before the Court that suggests that Defendant's February 5 statement was not "the product of a free and deliberate choice." *See Berghuis*, 130 S. Ct. at 2269. Defendant was aware that the police had already found cocaine in a container bearing his name. His decision to make a general assertion that he was responsible for everything in the house was not coerced by police. Instead, it was a free and deliberate choice to claim what was his in an apparent attempt to save his family from further inconvenience. Further, no evidence has been presented to suggest that Defendant did not understand his *Miranda* warnings. There is simply no evidence to support a finding that Defendant's statement was the result of improper or wrongful threats, coercion, or deception, or without knowledge of his right not to make a statement or the consequences of making a statement. The bald assertions in Defendant's Motion, without more, are of no avail. Accordingly, the Court finds that Defendant's February 5 statement is admissible and Defendant's Motion to Exclude Defendant's February 5, 2013 Statement is **DENIED.**

### ii. February 6, 2013 Statement[1]

The only circumstance that had changed since the previous day that arguably could have rendered Defendant's February 6 statement involuntary was the arrest warrant that had been issued for Regina Leaks. But, as noted above, this fact alone does not necessarily render a confession involuntary. *See Allen*, 804 F.2d at 1364. Furthermore, the circumstances surrounding the February 6 statement preponderate in favor of a finding of voluntariness even more forcefully than the circumstances attendant to the February 5 statement. Additional time had passed since Defendant's arrest giving him time to think about the consequences of confessing to possession of the contraband. He was not approached by police and asked to give a confession; instead, he summoned Agent Stanaland for the purpose of providing a confession. He was advised of his *Miranda* rights for the second time and prior to providing the confession. He completed forms indicating his understanding of his rights which at least impressed upon his mind the significance of the confession he provided.

There is no evidence before the Court that suggests that Defendant's February 6 statement was not "the product of a free and deliberate choice." *See Berghuis*, 130 S. Ct. at 2269. No evidence has been presented to suggest that Defendant did not understand his *Miranda* warnings. Accordingly, the Court finds that Defendant's February 6 statement is admissible. To the extent Defendant requested to exclude his February 6 statement, such request is **DENIED.**

---

[1] Although Defendant did not explicitly challenge the admissibility of the February 6 statement, the Court addresses it because facts relating to this statement were recited by Defendant in his Motion relating to the February 5 statement. (*See* Doc. 178 at ¶ 33.)

### III. Motions to Sever

A single indictment may charge a defendant for multiple counts that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. PRO. 8(a). Also, an indictment may charge multiple defendants for the same or similar acts or transactions that constitute an offense or offenses. FED. R. CRIM. P. 8(b). "If the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant ... the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). Defendant argues that he should be severed from the co-defendants named in the indictment, and that Count 16 should be severed from the other counts in the indictment, because of a lack of similarity between the defendants and charges. (Doc. 192 at ¶¶ 5, 22.)

#### A. Severance of Defendants

The general rule in the Eleventh Circuit is that "defendants who are indicted together are usually tried together." *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011) (citations omitted). This rule is even more pronounced in conspiracy cases. *Id.* (citations omitted). The law prefers to try co-conspirators jointly due to concerns regarding judicial economy, inconsistent verdicts and unfairness, efficiency, burden on victims and witnesses, and the intertwined nature of the issues inherent to conspiracies. *Id.* at 1233-34 (11th Cir. 2011); *United States v. Dorsey*, 819 F.2d 1055, 1058 (11th Cir. 1987); *United States v. Astling*, 733 F.2d 1446, 1454 (11th Cir. 1984).

"A defendant seeking severance must carry the 'heavy burden of demonstrating that 'compelling prejudice' would result from a joint trial." *Lopez*, 649 F.3d at 1234 (citing *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2008)). Severance is

"warranted only when a defendant demonstrates that a joint trial will result in 'specific and compelling prejudice' to his defense." *United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001) (citing *United States v. Walker*, 720 F.2d 1527, 1533 (11th Cir. 1983)). "Compelling prejudice occurs when the jury is unable to 'separately appraise the evidence as to each defendant and render a fair and impartial verdict.' " *Id.* (citing *United States v. Meester*, 762 F.2d 867, 883 (11th Cir. 1985)). This may be demonstrated by a showing that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, *or* prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Blankenship*, 382 F.3d 1110, 1122–23 (11th Cir. 2004).

In light of the above considerations, a court must "balance the right of defendants to a fair trial, absent the prejudice inherent in a joint trial, against the public's interest in efficient and economic administration of justice." *United States v. Hewes*, 729 F.2d 1302, 1318-19 (11th Cir. 1984) (citations omitted). Nevertheless, the decision of whether to grant a severance lies within the sound and substantial discretion of the district court. *United States v. Cross*, 928 F.2d 1030, 1037 (11th Cir. 1991). Severance is appropriate "only if prejudice flowing from a joint trial is clearly beyond the curative powers of a cautionary instruction." *United States v. Baker*, 432 F.3d 1189, 1237 (11th Cir. 2005); *United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985).

Defendant argues that he should be severed from the co-defendants named in the indictment because he was not involved in any drug sales that occurred January 1, 2010 through December 31, 2012, he is not charged in Counts II through XV of the indictment, the evidence against him is "dramatically disparate" from the evidence against his co-defendants, and there is no "substantial and independent evidence" that

11

he was involved in the charged conspiracy.  (Doc. 192 at ¶¶ 7-9.)  Further, Defendant argues that his defense is "directly [and] mutually contradictory," and "antagonistic" to Defendant Donaldson's defense, which would result in an unfair trial to both defendants.  (*Id.* at ¶¶ 14-17.)  The Government argues that severance is not proper here because Defendant did not "point to any specific right which will cause him prejudice, but rather can recite only vague and generalized predictions that prejudice may result." (Doc. 179 at 3.)  The Court agrees with the Government's position.

Defendant has failed to meet the "heavy burden of demonstrating that 'compelling prejudice' would result from a joint trial."  *Lopez*, 649 F.3d at 1234; *Browne*, 505 F.3d at 1268.  Defendant provides only conclusory statements about the asserted disparity of the evidence against him and his other co-defendants, the inconsistency between his defense and that of Defendant Donaldson, and the prejudice that will flow if Defendant's trial is not severed.  (*See* Doc. 192.)  Without more, these bare assertions are insufficient to meet Defendant's burden for severance.  The Court finds that any prejudice that may potentially flow from a joint trial of the co-defendants in this case can be cured with a limiting instruction.  *Baker*, 432 F.3d at 1237. Accordingly, Defendant's Motion to Sever Defendants, as amended (Docs. 174, 192) is **DENIED.**

### B. Severance of Charges

As noted above, a single indictment may charge a defendant for multiple counts that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. PRO. 8(a).  Defendant alleges that Count 16 of the indictment should be severed from the indictment, and that charge should be tried separately from all other defendants,

because Count 16 "had nothing to do with the alleged conspiracy." (Doc. 192 at ¶ 22.) Defendant argues that this result is necessary because the factual basis for Count 16 arose on February 5, 2013, whereas the charged conspiracy began on or about January 1, 2010 and continued until on or about December 31, 2012. (*See id.*; *see also* Doc. 17.)

The mere fact that the events giving rise to one count in the indictment that is of the same or similar character of the conspiracy charged in the indictment, but that falls outside of the dates when the conspiracy was allegedly active, does not necessarily mean the individual charge and the conspiracy are wholly unrelated. At least one Circuit Court opinion has noted that the government cannot "tack the two subsections of [Federal Rule of Criminal Procedure 8] together and in one indictment charge different persons with committed offenses of 'similar character.'" *See United States v. Velasquez*, 772 F.2d 1348, 1352 (7th Cir. 1985). But that is not what has happened here. Defendant has not demonstrated that the individual offense that allegedly occurred on February 5, 2012 is wholly unrelated to the charged conspiracy that allegedly took place until December 31, 2012.

There may be many reasons the Government chooses to allege that a conspiracy continued only to a particular date, even if other evidence suggests that the conspiracy continued beyond that period. Also, the fruits of a conspiracy may linger in any co-conspirator's possession beyond the termination date of the conspiracy. Here, Defendant was allegedly arrested while in the constructive possession of a quantity of cocaine thirty-six days after the termination of the charged conspiracy. Count 1 charges Defendant with possession with intent to distribute cocaine, marijuana, and crack cocaine; Count 16 charges Defendant with possession with intent to distribute cocaine. Defendant has not demonstrated that the cocaine allegedly in his possession on

February 5, 2012 was incapable of having any connection to the conspiracy charge. Importantly, the Court currently does not have enough evidence to find that the two charges are unrelated. The burden is on Defendant to demonstrate that trial on the two charges would result in prejudice, and the mere recitation that the contraband at issue in Count 1 was wholly unrelated to the contraband at issue in Count 16 is insufficient to meet that burden. Accordingly, Defendant's Motion to Sever Count 16 is **DENIED.**

## CONCLUSION

Based on the foregoing, Defendant's Motion in Limine to Hold a *James* Hearing and for Disclosure of Evidence Pursuant to Rule 801(d)(2)(E) and Motion to Exclude Defendant's February 5, 2013 Statement, as amended (Docs. 173, 178), and Motion to Sever, as amended (Docs. 174, 192) are **DENIED.**

**SO ORDERED**, this __7th__ day of October, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**